BLUE, Judge.
John Miles Lurie appeals from an order dismissing -with prejudice his complaint. Lu-rie sought damages from Barnett Bank of Lee County, N.A., and NationsBank, N.A., alleging separate acts of negligence. We reverse because the affirmative defenses of statute of limitations and res judicata, on which the trial court based the dismissal, do not affirmatively appear within the four corners of the complaint.
The record before this court consists only of the complaint filed by Lurie and motions to dismiss filed by both Barnett and Nations-Bank. In his complaint Lurie alleges that he did not discover and could not have reasonably discovered the banks’ negligence before February 1991. The allegations in the complaint include facts which arguably could have put Lurie on notice of the negligence of each of the banks in the summer of 1988. However, these allegations create at most a question of fact as to when the causes of action accrued.
Affirmative defenses appearing on the face of a prior pleading may constitute grounds for dismissal. Fla.R.Civ.P 1.110(d). Here, however, the prior pleading creates only a question of fact as to the time the cause of action accrued. Lurie’s complaint contained the positive allegation that he did not and could not have reasonably discovered the alleged negligence before February 1991, a time within the applicable statute of limitations. This positive allegation was sufficient to withstand a motion to dismiss the complaint on the statute of limitations ground.
The trial court also found res judicata as an additional ground for dismissal of the complaint against Barnett. There is nothing in the record to support dismissal on this ground. Accordingly, we reverse the orders dismissing Barnett and NationsBank with prejudice and remand to the trial court for further proceedings.
CAMPBELL, A.C.J., and QUINCE, J., concur.